UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HOTI ENTERPRISES, LP,

                    Plaintiff,

-against-

ANDY PANKEN, STERN KEISER &
PANKEN, LLP, LAWRENCE REICH,
JEFFREY REICH, REICH, REICH & REICH
PC, DELBELLO DONNELLAN
WEINGARTEN WISE & WIEDERKEHR,
LLP, ROBERT L. RATTET, JAMES B.
GLUCKMAN, RATTET PASTERNAK, LLP
f/k/a RATTET, PASTERNAK & GORDON-
OLIVER LLP, TANYA DWYER, DAVID S.
HAMILTON, DWYER & ASSOCIATES, LLC,
FRANK C. CARONE, FRANK R. SEDDIO,
ABRAMS FENSTERMAN, LLP f/k/a SEDDIO
AND CARONE, PLLC, and CARL E.
PERSON,

                    Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

14-cv-293 (ENV) (SMG)

**VITALIANO, D.J.**

On December 15, 2013, plaintiff Hoti Enterprises, LP ("Hoti") filed a complaint in Supreme Court, Kings County, which sets forth several malpractice claims and related causes of action against defendants, a series of attorneys who represented plaintiff in a failed real estate transaction in Brooklyn and in an ensuing bankruptcy litigation. The bankruptcy proceeding was brought in the Southern District of New York. On October 24, 2014, an Order was entered in the instant action directing plaintiff to show cause why this matter should not be

1

transferred to the United States District Court for the Southern District of New York, for referral to the bankruptcy court in that district. Order to Show Cause, Oct. 24, 2014, Dkt. No. 32 ("OSC"), at 2. For the reasons set forth below, the Court orders that this action be transferred to the Southern District.

## Discussion

Hoti's lawsuit is crucially pinned to a convoluted and contentious Southern District bankruptcy litigation. The initial state court complaint filed by Hoti in this case named over a dozen attorneys who, the complaint claims, committed malpractice in connection with the bankruptcy litigation and its antecedants. Defendants Robert L. Rattet, James Glucksman, and Rattet Pasternak, LLP f/k/a Rattet, Pasternak & Gordon-Oliver, LLP (the "Rattet defendants"), who were previously appointed by the bankruptcy court in the proceeding before it as counsel to plaintiff as debtor-in-possession, timely removed the action to this Court on January 14, 2014. (Notice of Removal, Dkt. No. 1).

In their notice of removal, the Rattet defendants contend that plaintiff's "alleged claims . . . are barred by an order of the United States Bankruptcy Court for the Southern District of New York . . . entered in Plaintiff's Chapter 11 case . . . ." (*Id.* ¶ 4). They also assert federal jurisdiction exists because many of the state malpractice claims relate to their conduct in the bankruptcy proceeding itself. (*Id.* ¶ 5).[1]

---

[1] Defendants allege additionally that plaintiff transferred any and all non-avoidance causes of

Shortly after removal, the Rattet defendants filed a letter request for a pre-motion conference preliminary to filing a motion to transfer venue to the Southern District of New York, where they intend to request, pursuant to the rules of that court, referral of the case to the presiding bankruptcy judge. (Def. Ltr. Jan. 16, 2014, Dkt. No. 9). Moreover, the Rattet Defendants stipulate that the transfer of venue they now seek would be without prejudice to Hoti's right to seek in that court remand to state court. (*Id.*). In a July 15, 2014 letter, plaintiff opposed transfer and argued that remand to state court is appropriate. (Pl. Ltr. Jul. 15, 2014, Dkt. No. 31). Despite its repeated urging that this case properly belongs in state court, Hoti has yet to take any further steps to arrange a briefing schedule for a formal remand motion. Hoti also sought, and received, permission to file an amended complaint in this matter, provided it do so by July 15, 2014. (Minute Entry, May 28, 2014, Dkt. No. 30). No amended complaint has been filed, much less in a timely fashion.

On October 24, 2014, the Court issued an Order directing Hoti to show cause as to why this case should not be transferred, pursuant to 28 U.S.C. §§ 1404 and 1412, to the United States District Court for the Southern District of New York. Hoti, the Rattet defendants, and counsel for other defendants timely submitted responses to the Order.

In the Order, the Court observed that, based on the complaint and removal

---

action to GECMC pursuant to [the bankruptcy order confirming the plan]." (*Id.* ¶ 11). Upon this factual assertion, defendants question whether plaintiff has any standing to assert such malpractice claims. *See* note 2, *infra*.

3

notice, it appeared "evident that this case is inextricably related to the bankruptcy proceeding that was or is pending in the United States Bankruptcy Court for the Southern District of New York." OSC at 2. Nothing in Hoti's submission in response alters that analysis. Indeed, Hoti acknowledges that much of the putative malpractice it complains of was, in fact, committed within and during the bankruptcy proceeding. For example, Hoti avers that the instant "matter is one of malpractice. Although it is malpractice in a bankruptcy proceeding, it is nevertheless malpractice." (Pl. Aff., Dkt. No. 33, ¶ 5). As such, the Second Circuit has instructed that malpractice claims "which derive from services rendered in connection with . . . [a] proceeding in the bankruptcy court . . . fall within the scope of that court's 'arising in' jurisdiction as set out in 28 U.S.C. § 1334(b)." *Baker v. Simpson*, 613 F.3d 346, 352 (2d Cir. 2010). As a consequence, since, as Hoti concedes, the malpractice claims chiefly include professional errors or omissions by the Rattet defendants in the handling of that case, it is apparent that this case arises in Hoti's bankruptcy proceeding, and would have been properly brought there as an original matter, transfer to the Southern District is appropriate "in the interest of justice." 28 U.S.C. § 1412.

Additionally, the interests of judicial economy and the avoidance of needless litigation militate in favor of transfer to the forum that hosted Hoti's bankruptcy case. It was and is best suited to resolve these questions. By stipulation and concession of defendants, the transfer of venue is without prejudice to Hoti's right to seek remand there (under this Court's rules of practice, the clock to make such a

motion was tolled by plaintiff's pre-motion letter request stating its desire to make such a motion. *See* Indiv. R., Pre-Motion Conf., at 4). Notwithstanding the unusual posture of this case,[2] transfer of venue remains not merely appropriate; it best serves the interests of justice. *See Tallo v. Gianopolous*, 521 B.R. 23, 29 (Bankr. E.D.N.Y. 2005) ("the bankruptcy court of the Southern District of New York, being the home court of the bankruptcy proceeding and being familiar with the litigation, is better situated to determine the propriety of remand"). This is especially so given the cloud that hangs over the identity of the real party or parties in interest who may be able to assert the claims interposed in the complaint.

## Conclusion

For the foregoing reasons, this action is transferred to the United States District Court for the Southern District of New York. All other pending applications for other relief are denied with leave to renew in the transferee court. The provision of Rule 83.1 of the Local Rules requiring a seven-day delay in the transfer of relevant case materials is waived.

The Clerk of Court is directed to transfer this case to the United States

---

[2] Typically, "[w]hen presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand." *Stahl v. Stahl,* No. 03-CV-0405, 2003 U.S. Dist. LEXIS 20112, at *7 (S.D.N.Y. Nov. 7, 2003) (citation omitted). Because it was so evident on the face of the complaint that all of plaintiff's claims had implications in its bankruptcy proceeding – that it was likely that any pre-petition tort claims had become part of the estate in bankruptcy and any malpractice in the proceeding would likely run to the debtor-in possession and/or counsel's administrative claims, the Court moved by Order to Show Cause and, as a result, no formal motions for either remand or transfer were actually pending much less simultaneously.

District Court for the Southern District of New York and to close this docket for administrative purposes.

Dated:    Brooklyn, New York
             February 22, 2015

/S/ USDJ VITALIANO

**ERIC N. VITALIANO**
United States District Judge

6